UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY D. CABRERA,

    Plaintiff,

v.                                          Case No. 8:25-cv-2192-WFJ-TGW

PASCO COUNTY JAIL, *et al.*,

    Defendants.
_____/

**ORDER**

Danny D. Cabrera, an inmate at the Pasco County Jail, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice for failure to state a claim. In addition, if he wishes to proceed with this action, Mr. Cabrera must either pay the filing fee or move for leave to proceed *in forma pauperis*.

**I.    Screening of Complaint**

Mr. Cabrera sues the Pasco County Jail and NaphCare Medical Services. (Doc. 1 at 1-2). He alleges that, upon arrival at the jail, he informed a nurse that he had type 2 diabetes and needed "long-acting insulin." (*Id.* at 4, 7). The next morning, the nurse gave him "short-acting insulin." (*Id.*) Mr. Cabrera explained that he could not "take" short-acting insulin because his "diabetes doctor" had "tried that before and [he] had a really bad allergic reaction." (*Id.* at 7). The nurse asked him to sign a medication "refusal" form, but he declined. (*Id.*) The next day, the nurse again offered Mr. Cabrera short-acting insulin,

which he took to avoid "diabetic ketoacidosis." (*Id.*) A few hours later, Mr. Cabrera's neck began to swell, and he asked for the nurse. (*Id.*) She "never came." (*Id.* at 8).

One week later, Mr. Cabrera saw a medical provider and explained his "conditions." (*Id.*) The provider declined to order long-acting insulin. (*Id.*) In addition, Mr. Cabrera has not received medication for his arthritis, and for two weeks he was denied medication for high blood pressure. (*Id.* at 8-9). As a result, he experiences pain and "pins and needles" in his feet, he needs to "drink . . . 35 cups of water a day to . . . keep [his] sugar regulated," and he urinates "every 30 . . . to 45 [minutes]." (*Id.* at 8). Based on these allegations, Mr. Cabrera brings a claim against the Pasco County Jail and NaphCare for failure to provide adequate medical care. (*Id.* at 1-2, 4).

As currently pled, the complaint is deficient and must be dismissed without prejudice. First, Mr. Cabrera cannot pursue a § 1983 claim against the Pasco County Jail. To state a viable § 1983 claim, the named defendants must be "subject to suit or liability." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity to sue or be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Under Florida law, a jail lacks the capacity to be sued. *Maldonado v. Baker Cnty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021). Therefore, because the Pasco County Jail is not a legal entity amenable to suit, Mr. Cabrera cannot bring a § 1983 claim against it.

Second, Mr. Cabrera fails to state a claim against NaphCare, a medical provider at the Pasco County Jail. "[W]hen a private entity [such as NaphCare] contracts with a county to provide medical services to inmates, it performs a function traditionally within the

exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Thus, to state a § 1983 claim against NaphCare, Mr. Cabrera must allege that it "had a policy or custom of deliberate indifference that led to the violation of his constitutional right." *Id.* Mr. Cabrera alleges no facts suggesting that the denial of medical treatment in this case resulted from a policy or custom of NaphCare. Thus, the § 1983 claim against NaphCare is subject to dismissal.

Because Mr. Cabrera has failed to state a claim against any named defendant, the complaint must be dismissed without prejudice. The Court notes that, in the body of the complaint, Mr. Cabrera describes the conduct of several persons not listed as defendants. "Pursuant to Federal Rule of Civil Procedure 10(a), a case caption must name all of [the] parties to a suit." *Prunty v. Arnold & Itkin LLP*, No. 2:17-cv-506-SPC-CM, 2017 WL 5971681, at *3 (M.D. Fla. Dec. 1, 2017). If Mr. Cabrera wishes to sue a defendant, he must name that person in the section of the form complaint reserved for listing defendants. *See Rizk v. Seminole Cnty. Sheriffs Dep't*, 857 F. App'x 619, 620 (11th Cir. Aug. 23, 2021) (instructing district court to "allow the complaint to be amended" to clarify whether *pro se* plaintiff intended to sue "individuals or entities who are identified in the body of [the complaint] and whose wrongful conduct is alleged there, even if they are not named in the caption").

## II. Filing Fee or Motion for Leave to Proceed *In Forma Pauperis*

Mr. Cabrera neither paid the $405.00 filing fee nor sought leave to proceed *in forma pauperis*. If he wishes to pursue this action, Mr. Cabrera must either pay the filing fee or

submit a complete motion to proceed *in forma pauperis* in accordance with the instructions set out below. Failure to comply with this directive within thirty days of the date of this order will result in the dismissal of this action without further notice.

### III. Conclusion

Accordingly, it is **ORDERED** that:

1. Mr. Cabrera's complaint, (Doc. 1), is **DISMISSED without prejudice**.

    a. If Mr. Cabrera wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Cabrera should complete a new civil-rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Cabrera's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

2. If Mr. Cabrera fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body*

*Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Within **THIRTY DAYS** of the date of this order, Mr. Cabrera must either (1) file a fully completed Affidavit of Indigency form (if he desires to proceed as a pauper and incur the pauper's filing fee of $350.00) or (2) pay the $405.00 filing fee (if he does not desire to proceed as a pauper). Failure to comply with this directive will result in the dismissal of this case without further notice.

4. Mr. Cabrera must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change will result in the dismissal of this case without further notice.

5. The Clerk is **DIRECTED** to mail to Mr. Cabrera an Affidavit of Indigency form and the standard form for *pro se* prisoner complaints.

**DONE** and **ORDERED** in Tampa, Florida, on August 20, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**